UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN RUSH,

    Plaintiff,

v.   Case No: 5:20-cv-359-Oc-30PRL

UNIVERSITY OF MICHIGAN CREDIT UNION,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is the *pro se* plaintiff's motion for leave to proceed *in forma* pauperis. (Doc. 2). By prior order, the court conducted a frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and gave the plaintiff until September 7, 2020 to file an amended complaint. (Doc. 7). Plaintiff has now filed an amended complaint against the University of Michigan Credit Union and asks this court to rescind his auto loan and two credit cards. (Doc. 8).

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

As an initial matter, the plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain a short and plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Most importantly, the plaintiff has failed to allege any facts that the defendant acted in violation of law. Although the

plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Plaintiff's amended complaint is essentially three paragraphs claiming that under the Federal Disaster Relief Act he is entitled to a rescission of his auto loan and two credit card bills because of the COVID-19 pandemic. (Doc. 8). According to him, this Act "offer[s] each resident the ability to rescind all bills that the resident occurs prior to the disaster." It appears that he is attempting to proceed under the Stafford Disaster Relief Act of 1974, 42 U.S.C. § 5121 et seq. Congress passed the Stafford Act, originally known as the Disaster Relief Act of 1974, to provide federal assistance when disaster strikes. *Id.* The Act authorizes the President to declare a major disaster and direct "[f]ederal agencies . . . [to] provide assistance essential to meeting immediate threats to life and property resulting from [the] major disaster." *Id.* § 5170b(a).

Plaintiff cannot proceed under Stafford Act because it does not create a private right of action. *Ameika v. Moss*, 628 F. App'x 86, 89 (3d Cir. 2015); *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1001 (9th Cir. 1998) *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). To remedy a Stafford Act violation, a plaintiff must rely on the Administrative Procedure Act. *See City of Pembroke Pines, Fla. v. Fed. Emergency Mgmt. Agency*, No. 0:19-CV-62032, 2020 WL 2485865, at *5 (S.D. Fla. Apr. 13, 2020). Moreover, the Stafford Act does not provide a right of recovery against non-federal government entities. *Diversified Carting, Inc. v. City of New York*, 423 F. Supp. 2d 85, 94 (S.D.N.Y. 2005). Here, the plaintiff sues the University of Michigan Credit Union, not a federal entity, and does not allege any facts that the defendant has acted in violation of any law, let alone the Stafford Act.

- 4 -

For the reasons stated above, it is respectfully **RECOMMENDED** that the plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Amended Complaint (Doc. 8) be **DISMISSED**.

**DONE** and **ENTERED** in Ocala, Florida on August 28, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties